**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CHARLES A. McFEELY, III,**

       Plaintiff,                             Case No. 2:07-cv-10596

**vs.**                                         Honorable Patrick J. Duggan

**THE SENECA WIRE &**                     Magistrate Judge R. Steven Whalen
**MANUFACTURING COMPANY,**

       Defendant.

_____

| | |
|---|---|
| Randall J. Gillary (P 29905) | Matthew D. Harper (P52856) |
| Kevin P. Albus (P 53668) | EASTMAN & SMITH LTD. |
| RANDALL J. GILLARY, P.C. | Attorneys for Defendant |
| Attorneys for Plaintiff | One SeaGate, 24th Floor |
| 201 W. Big Beaver Rd., Ste. 1020 | P.O. Box 10032 |
| Troy, MI 48084 | Toledo, OH 43699-0032 |
| (248) 528-0440 | (419) 241-6000 |

_____

### STIPULATED PROTECTIVE ORDER

The parties having stipulated to the entry hereof, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED AS FOLLOWS:

1. Any party (including third-parties) producing or disclosing documents or other information, including without limitation, testimony (collectively "Information") in this litigation which that party reasonably believes is confidential and proprietary and the public disclosure of which would be harmful to that party or employees or agents of that party, may designate such Information, or any part thereof, as confidential (hereinafter "Confidential

LAW OFFICES OF
RANDALL J. GILLARY, P.C.
COLUMBIA CENTER
201 W. BIG BEAVER ROAD
SUITE 1020
TROY, MI 48084
_____
(248) 528-0440
FAX (248) 528-3412

Information"). Any material designated Confidential Information shall be marked by the producing party with the legend "Confidential" on each page or object so designated.

2. If any Confidential Information is provided inadvertently to a discovering party without being marked as "Confidential" in accordance with the terms of this Order, the failure to so mark the Information shall not be deemed a waiver of the right to assert confidentiality. A party may designate the Information as "Confidential" at a later date, at which time the provisions of this Order shall apply prospectively to such Information.

3. Confidential Information shall be used solely for the purposes of the above-captioned litigation, including any appeals and any alternative dispute resolution proceedings. Confidential Information shall not be used for any other business or litigation purposes.

4. Confidential Information shall not be disclosed to any person other than the following:

   a. The parties, and any current or former officer, director, agent, or employee of the parties;

   b. Counsel of record for the parties to this litigation, including attorneys, paralegals, administrative assistants, and other employees of the firm where such counsel of record practices;

   c. The Court and all employees of the Court;

   d. Any persons retained by the parties for the purpose of alternative dispute resolution proceedings, including but not limited to arbitrators, facilitators, mediators, and case evaluators;

e. Court reporters, court recorders, and video recording personnel who are engaged in the recording of any depositions, hearings, trials, or alternative dispute resolution proceedings in this action;

f. Independent photocopying services, or other similar services, utilized by counsel of record for the parties, for the sole purpose of making paper or electronic reproductions of documents to be used in the litigation of this matter;

g. Expert witnesses and consultants retained by or associated with any party in order to assist counsel in the conduct of this litigation;

h. The author of the Confidential Information, or any person identified in the Confidential Information as the sender or a recipient of the Confidential Information;

i. Any person deposed or called as a witness at any hearing, trial or alternative dispute resolution proceeding in this matter; and,

j. Any other person to whom the parties agree in writing.

Confidential Information shall be disclosed to the persons identified above only to the extent reasonably necessary for the purpose of such person's involvement in the litigation of this matter.

5. Prior to the disclosure of Confidential Information to any witness, expert witness, or consultant who is not a party (or a current or former officer, director, agent, or employee of a party) to this litigation, counsel contemplating the disclosure shall require such person to read this Stipulated Protective Order and sign an acknowledgement in the form attached hereto as Exhibit A, affirming that the recipient: (a) has read this Stipulated Protective Order and understands all of its terms; (b) agrees to abide and be bound by the terms of this

Stipulated Protective Order; (c) agrees to return all Confidential Information to party from which it was received within 60 days after the conclusion of the litigation, including any appeals and alternative dispute resolution proceedings; and (d) agrees to submit to this Court's jurisdiction for enforcement of this Stipulated Protective Order.  Counsel shall retain a copy of each such acknowledgement until such time as the litigation, including any appeals and alternative dispute resolution proceedings, is concluded and counsel has retrieved all Confidential Information from the recipient.

6. At the request of counsel for either party, any deposition testimony or exhibits which are designated as "Confidential Information" shall be separately transcribed and included in a separate volume marked "Confidential".

7. In the event that any party wishes to submit any Confidential Information in a motion, brief, exhibit, or other document filed with the Court, the party shall first make a reasonable effort to redact from such filing any commercially-sensitive pricing information or other confidential or proprietary business information or trade secrets.

8. The restrictions contained in this Stipulated Protective Order shall not apply to Information which:

   a. is or becomes disclosed to the public other than through violation of this Stipulated Protective Order; provided, however, that Confidential Information shall not lose its Confidential status by reason of its use or disclosure in any proceeding in this litigation;

   b. is acquired by the non-producing party from a third-party lawfully possessing such Information; and

c. lawfully came into the possession of a non-producing party through means other than discovery in this action.

9. Nothing in this Stipulated Protective Order shall:

   a. prevent or restrict any person from using or disclosing in any way its own Information which has been produced or disclosed in the course of discovery proceedings herein;

   b. prevent or restrict any person from seeking any protection which is additional to or different from the protection provided by this Stipulated Protective Order;

   c. prevent or restrict any person from seeking relief from any provision of this Stipulated Protective Order;

   d. prevent or restrict any person from producing Confidential Information in its possession pursuant to a subpoena issued in any other matter; provided, however, that any person receiving such a subpoena shall notify the party which produced the Confidential Information of such subpoena as soon as is reasonably possible, and shall, if possible without violating the terms of the subpoena, postpone its production of the Confidential Information for such reasonable amount of time as to allow the producing party to file objections to the subpoena.

10. This Stipulated Protective Order shall not prejudice the right of any party to object to any discovery request served in this matter.

11. At the conclusion of the litigation of this matter, including any appeals and alternative dispute resolution proceedings, upon written request received from counsel for the producing party, a party which has received any Confidential Information subject to this

Stipulated Protective Order shall either return to counsel for the producing party all such Confidential Information, or destroy all such Confidential Information and provide written notice of such destruction to counsel for the producing party.  Notwithstanding the preceding sentence, counsel for each party may retain one archival copy of any Confidential Information which was filed with the Court as part of a motion, brief, exhibit or other document filed with the Court, or which was used as an exhibit during any deposition or alternative dispute resolution proceeding.  Counsel may also retain any and all copies of documents containing Confidential Information which also include attorney-client communications or work product matter.

        s/Patrick J. Duggan
        Patrick J. Duggan
        United States District Judge

Dated: February 25, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 25, 2008, by electronic and/or ordinary mail.

        s/Marilyn Orem
        Case Manager

Stipulated and agreed to:

| | |
|---|---|
| /s/ Randall J. Gillary | /s/ Matthew D. Harper |
| Randall J. Gillary (P 29905) | Matthew D. Harper (P52856) |
| Kevin P. Albus (P 53668) | EASTMAN & SMITH LTD. |
| RANDALL J. GILLARY, P.C. | Attorneys for Defendant |
| Attorneys for Plaintiff | One SeaGate, 24th Floor |
| 201 W. Big Beaver Rd., Ste. 1020 | P.O. Box 10032 |
| Troy, MI 48084 | Toledo, OH 43699-0032 |
| (248) 528-0440 | (419) 241-6000 |

**EXHIBIT A**
**ACKNOWLEDGEMENT**

The undersigned certifies and agrees as follows:

1. I have read the attached Stipulated Protective Order and understand all of its terms.

2. I agree to abide and be bound by all of the terms of this Stipulated Protective Order

3. I agree to return all Confidential Information to the party from which it was received within 60 days after the conclusion of the litigation, including any appeals and alternative dispute resolution proceedings. And

4. I agree to submit to this Court's jurisdiction for enforcement of this Stipulated Protective Order.


Date: _____   Signature: _____

                                           Print Name: _____